In the Matter of the Arbitration between STATE INSURANCE FUND, Appellant, and AETNA CASUALTY AND SURETY COMPANY, Respondent. [639 NYS2d 602] Memorandum: Supreme Court properly denied petitioner's request to vacate the arbitration award. Pursuant to CPLR 7511 (b) (1), an arbitration award may be vacated upon the application of a party who participated in the arbitration only on the basis "that the rights of that party were prejudiced by corruption, fraud or misconduct in procuring the award, partiality of an arbitrator, * * * the arbitrator['s having] exceeded his power or [having] failed to make a final and definite award, or a procedural failure that was not

waived" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307). The contention of petitioner that the arbitrators erred in concluding that its claim is barred by the Statute of Limitations is not one of the limited grounds upon which an arbitration award may be vacated (*see*, CPLR 7511 [b] [1]). Moreover, because petitioner participated in the arbitration, the arbitrators' discretionary decision that the Statute of Limitations bars petitioner's claim is not subject to review on an application to vacate the award (*see*, CPLR 7502 [b]; 7511 [b] [2] [iv]). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Arbitration.) Present—Lawton, J. P., Fallon, Doerr, Balio and Davis, JJ.